IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-164-BO

| | |
|---|---|
| BOBBY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the Court on Defendant's Motion for Summary Judgment. Plaintiff brings a negligence based action against the United States under the Federal Torts Claims Act. The Government moves for summary judgment, contending Plaintiff's own negligence contributed to his injury. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff Bobby Williams was employed by East Coast Leasing, Inc., an independent contractor with whom Defendant United States (the "Government") made arrangements to transport mail between Defendant's postal facilities. Plaintiff delivered mail to the Goldsboro Postal Facility in Goldsboro, North Carolina for many years prior to his injury. In delivering the mail, Plaintiff would load and unload carts over a loading dock ramp. Plaintiff used this loading dock on hundreds, if not thousands, of occasions. On January 20, 2004, while loading mail, Plaintiff slipped off the loading dock ramp and suffered an injury to his patella. At the time of the fall, the dock was dry, the area was illuminated, and no malfunctions or irregularities existed

in the dock equipment.

On May 2, 2007, Plaintiff filed this action. Plaintiff alleges the Government's employees were negligent in (1) failing to install a safety edge on the side of the loading dock ramp, (2) failing to repair the safety edge on the loading dock, (3) failing to use reasonable care in maintaining the loading dock, (4) allowing the loading dock to remain in hazardous and unsafe condition, and (5) failing to warn Postal employees and others of the dock's unsafe and dangerous condition. On August 6, 2008, the Government filed this Motion for Summary Judgment, contending that as a matter of law, Plaintiff's own negligence contributed to his injury insofar as the condition of the dock was open and obvious to Plaintiff.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of a genuine issue of fact for trial, and if that burden is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex,* 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

Under North Carolina law, there exists no duty to warn a lawful visitor of "a hazard

2

obvious to any ordinarily intelligent person using [her] eyes in an ordinary manner, or one of which the plaintiff had equal or superior knowledge." *Dowless v. Kroger Co.*, 148 N.C. App. 168, 171 (N.C. Ct. App. 2001)(citing *Branks v. Kern*, 320 N.C. 621, 624 (N.C. 1987). This principle is stated either in terms of negating the existence of a defendant's duty to warn, *Branks*, 320 N.C. at 624, or finding the plaintiff's own negligence contributed to plaintiff's injury insofar as plaintiff knew or should have known about a given hazard. *Dowless*, 148 N.C. App. at 171 (citing *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 468 (N.C. 1981) (stating that the issue of contributory negligence in such cases is "whether a person using ordinary care for his or her own safety under similar circumstances would have looked down at the [ground]")).

Here, the condition of the ramp was open and obvious. In determining whether there is a triable issue of fact for the jury as to whether there was an obvious danger to a person using ordinary care for their own safety under similar circumstances, the question is whether Plaintiff has presented evidence of "some fact, condition or circumstance which would or might divert the attention of an ordinarily prudent person from discovering or seeing an existing dangerous condition."*Dowless*, 148 N.C. App. at 172 (quoting *Walker v. Randolph County*, 251 N.C. 805, 810 (1960)). Here, Plaintiff presents no such evidence. The evidence before the Court supports a finding that Plaintiff knew or should have known of the condition. Plaintiff had visited the location on many occasions during the course of his employment. He had used the loading dock ramp in question hundreds, if not thousands, of times performing the same activity he performed at the time of his injury. Given the Plaintiff's familiarity with the location and loading dock ramp, the Court finds Plaintiff contributed to his own injury insofar as Plaintiff knew or should have known about the lack of safety edge on one side of the loading dock.

3

## CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED, this __19__ day of January, 2009.

*/s/ Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4